Per Curiam.

Petitioner’s primary contention is that he was put in jeopardy in his trial and acquittal for breaking *202 and entering with, intent to commit larceny, so that his subsequent indictment and conviction for breaking and entering with intent to commit rape and breaking and entering with intent to commit assault with intent to commit robbery, based on the same act for which he was acquitted in his first trial, violated his constitutional right not to be placed twice in jeopardy for the same offense.
This court has held many times that the plea of double jeopardy is a matter of defense which must be raised in the trial court or it is waived. Double jeopardy is not a ground for relief, after conviction, in an action in habeas corpus. Vertz v. Sacks, Warden, 173 Ohio St., 459; Weaver v. Sacks, Warden, 173 Ohio St., 415; Barker v. Sacks, Warden, 173 Ohio St., 413; Foran v. Maxwell, Warden, 173 Ohio St., 561; and Maloney v. Maxwell, Warden, 174 Ohio St., 84.
Petitioner contends further that his sentence for rape was invalid on the ground that there was a delay of some 10 months between his conviction and sentence therefor. This delay undoubtedly occurred because of the pending trial on the other indictments.
It is well established that the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence. 24 Corpus Juris Secundum, 408, Criminal Law, Section 1564(1).
The deferring of the pronouncement of sentence on a conviction until trial is had on other indictments pending against an accused does not constitute an unreasonable delay in the pronouncement of sentence, inasmuch as the trial court may reasonably defer such sentence pending the outcome of the other trials for the purpose of determining the severity of the sentences to be imposed.
The petitioner has shown no deprivation of any of his constitutional rights nor has he shown any lack of jurisdiction of the trial court.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur,